1

2

3

4

5

6

7

8

9                 IN THE UNITED STATES DISTRICT COURT

10                  FOR THE DISTRICT OF OREGON

11   CLEMENTE SANTIAGO, MIGUEL        )
     ANDRADE BECERRA, and MARIO       )
12   BAUTISTA SANCHEZ,                )
                                      )
13            Plaintiffs,             )    No. CV-06-1811-HU
                                      )
14        v.                          )
                                      )
15   TAMARACK TREE COMPANY, and       )    FINDINGS & RECOMMENDATION
     BILL WITHERS,                    )
16                                    )
              Defendants.             )
17   _____)

18

19   Mark J. Wilk
     Spencer Neal
20   OREGON LAW CENTER
     230 W. Hayes Street
21   Woodburn, Oregon 97071

22        Attorneys for Plaintiffs

23   HUBEL, Magistrate Judge:

24        Plaintiffs Clemente Santiago, Miguel Andrade Becerra, and

25   Mario Bautista Sanchez, bring this action against defendants

26   Tamarack Tree Company and Bill Withers.  Plaintiffs bring claims

27   under the federal Agricultural Workers Protection Act (AWPA), the

28   Fair Labor Standards Act (FLSA), Oregon wage statutes, and the

     1 - FINDINGS & RECOMMENDATION

1  Oregon Contractor Registration Act (OCRA).

2      An Order of Default was entered May 16, 2007.  Plaintiffs now

3  seek a default judgment.  I recommend that the motion be granted in

4  part and denied in part.  Plaintiffs also move for an award of

5  attorney's fees.  I recommend that the attorney's fee motion be

6  granted.

7                          DISCUSSION

8  I.  Hearing

9      Federal Rule of Civil Procedure 55 provides that when the

10  plaintiff's claim against a defendant is for a sum certain or for

11  a sum which can by computation be made certain, the clerk, upon

12  request of the plaintiff and upon affidavit of the amount due,

13  shall enter judgment for that amount as well as costs against the

14  defendant.  Fed. R. Civ. P. 55(b)(1).  In other cases, if, in order

15  to enable the Court to enter judgment or to carry it into effect,

16  it is necessary to determine the amount of damages or to establish

17  the truth of any averment by evidence or to make an investigation

18  of any other matter, the court may conduct a hearing or order such

19  references as it deems necessary and proper.  Fed. R. Civ. P.

20  55(b)(2).

21      The Ninth Circuit has followed the First Circuit in holding

22  that a claim is not a sum certain unless there is no doubt as to

23  the amount to which a plaintiff is entitled as a result of the

24  defendant's default.  Franchise Holding II, LLC v. Huntington

25  Restaurants Group, Inc., 375 F.3d 922, 928-29 (9th Cir. 2004)

26  (citing KPS & Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 19

27  (1st Cir. 2003)), cert. denied, 544 U.S. 949 (2005).

28      However, even in cases without a "sum certain," a formal court

2 - FINDINGS & RECOMMENDATION

1  hearing is not required in every case.  The hearing may be on

2  affidavits or declarations and the court may base its judgment on

3  those documents.  See Davis v. Fendler, 650 F.2d 1154, 1161-62 (9th

4  Cir. 1981) (affirming default judgment with damages assessed based

5  on documentary evidence); see also Fustok v. ContiCommodity Servs.,

6  Inc., 873 F.2d 38, 40 (2d Cir. 1989) (Rule 55(b)(2) leaves the

7  decision of whether a hearing is necessary to the discretion of the

8  district court and the court may rely on detailed affidavits or

9  documentary evidence to evaluate damages).

10      Plaintiffs seeks damages under all four statutes.  Plaintiffs

11  contend that the claims for wages under the FLSA and the Oregon

12  wage statutes, as well as the OCRA claim, provide for recovery of

13  statutory damages that are capable of mathematical calculation.

14  Plaintiffs note that the amount of statutory damages to be awarded

15  under the AWPA is discretionary because it provides up to $500 per

16  plaintiff per violation.  Plaintiffs argue that a hearing is

17  unnecessary because the declarations submitted in support of the

18  default judgment motion provide sufficient support for the full

19  statutory amount.  I agree with plaintiffs and issue this Findings

20  & Recommendations based on the Complaint and the documentary

21  evidence submitted in support of the motion for default judgment.

22  II.  Factual Allegations in Support of Liability

23      Upon default, the factual allegations of the complaint, except

24  those relating to damages, are taken as true.  TeleVideo Sys., Inc.

25  v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).  This includes

26  questions of fact such as whether a party acted willfully or

27  intentionally.  See Rio Properties, Inc. v. Rio Int'l Interlink,

28  284 F.3d 1007, 1023 (9th Cir. 2002) (affirming district court

3 - FINDINGS & RECOMMENDATION

determination, by entry of default, that party's acts were committed knowingly, maliciously, and oppressively, and with an intent to injure, because upon entry of default, factual allegations of the complaint are deemed true); Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990) (holding allegations of, inter alia, fraud and intentional infliction of emotional distress to be established upon default and on that ground rejecting a challenge that evidence of such was insufficient).

The factual allegations in the Complaint, now taken as true, establish that:

(1) Defendants recruited plaintiffs in November 2005 to harvest, tie, and load nursery stock trees in various locations in Oregon and employed them in this work on several occasions; Compl. at ¶ 6; see also Santiago Declr. at ¶ 2 (worked with the two other plaintiffs harvesting, tying, and loading nursery tress for defendants at various locations in Oregon); Bautista Sanchez Declr. at ¶ 2 (same);

(2) Plaintiffs worked with products which were intended for use in interstate commerce; Compl. at ¶ 7;

(3) Defendants did not give plaintiffs written disclosure of the terms or conditions of their employment at the time of recruitment or hire, and did not post the same at any of the work sites; Compl. at ¶ 8; see also Santiago Declr. at ¶ 11 (at time of recruitment, not given any written disclosure of terms and conditions of employment and none of the workers has any written information about the work); Bautista Sanchez Declr. at ¶ 11 (same);

4 - FINDINGS & RECOMMENDATION

(4)  Plaintiffs were told that they would be paid $100 per day for each day of work; Compl. at ¶ 9; see also Santiago Declr. at ¶¶ 3, 4 (defendants promised to pay $100 for each day of work; workday was 6:30 a.m. to 6:00 p.m. with a half-hour lunch break); Bautista Sanchez Declr. at ¶¶ 3, 4 (same);

(5) Defendants willfully failed to pay plaintiffs all of their wages when defendants terminated plaintiffs' employment on March 6, 2006; Compl. at ¶ 10; see also Santiago Declr. at ¶¶ 5, 8 (defendants did not pay for last day of work in 2006 and have never paid him for his final day of work); Bautista Sanchez Declr. at ¶¶ 6, 8 (defendants did not pay for last five days of work in March 2006 and have never paid for his final week of work);

(6) Defendants failed to pay plaintiff Santiago for one day of work performed during the last week of February 2006, and owe him $100 in unpaid wages; Compl. at ¶ 11; see also Santiago Declr. at ¶¶ 5, 8 (defendants did not pay for last day of work in 2006 and have never paid him for his final day of work); Bautista Sanchez Declr. at ¶¶ 6, 9 (defendants did not pay the other two plaintiffs for all their work in March 2006; defendants did not pay Santiago for all work);

(7) Defendants have failed to pay plaintiff Andrade Becerra for six days of work performed during the first week of March 2006, and owe him $600 in unpaid wages; Compl. at ¶ 12; see also Santiago Declr. at ¶¶ 6, 9 (defendants did not pay the other two plaintiffs for all of their work in March 2006; defendants have not paid Andrade Becerra or Bautista Sanchez for last week of work); Bautista Sanchez Declr. at ¶¶ 6, 9 (defendants did not pay the other two plaintiffs for all their work in March 2006; defendants

5 - FINDINGS & RECOMMENDATION

did not pay Andrade Becerra for all work);

(8) Defendants have failed to pay plaintiff Bautista Sanchez for five days of work performed during the first week of March 2006 and owe him $500 in unpaid wages; Compl. at ¶ 13; see also Santiago Declr. at ¶¶ 6, 9 (defendants did not pay the other two plaintiffs for all their work in March 2006; defendants have not paid Bautista Sanchez for last week of work); Bautista Sanchez Declr. at ¶¶ 5, 8 (defendants did not pay him for last five days of work in March 2006; defendants have never paid him for final week of work);

(9) Plaintiffs never received W-2 forms for work they performed for defendants in 2005; Compl. at ¶ 14; see also Santiago Declr. at ¶ 15 (did not sign any written forms for employment and did not receive any W-2 forms); Bautista Sanchez Declr. at ¶ 15 (same);

(10) Plaintiffs never received itemized pay statements from defendants for their work; Compl. at ¶ 15; see also Santiago Declr. at ¶ 14 (was paid in cash and never given an itemized pay statement for his work); Bautista Sanchez Declr. at ¶ 14 (same);

(11) Plaintiffs have repeatedly requested their unpaid wages from defendants; Compl. at ¶ 16; see also Santiago Declr. at ¶ 7 (declarant and other plaintiffs asked defendants for their wages several times); Bautista Sanchez Declr. at ¶ 7 (same);

(12) Plaintiffs made written demand for their wages on April 21, 2006, and June 23, 2006; Compl. at ¶ 17;

(13) Plaintiffs attempted in good faith to resolve the issues in dispute without litigation; Compl. at ¶ 18;

(14) Defendants are not registered as farm labor contractors as required under the AWPA or the ORCA; Compl. at ¶ 19; see also

6 - FINDINGS & RECOMMENDATION

1  Santiago Declr. at ¶ 10 (at time of recruitment and work, never saw
2  any farm labor contractor licenses issued to defendants); Bautista
3  Sanchez Declr. at ¶ 10 (same);

4      (15) Plaintiffs have been required to obtain the services of
5  an attorney to enforce their rights and are entitled to reasonable
6  attorney's fees under the FLSA and Oregon statutes; Compl. at ¶ 21;

7      (16) Plaintiffs will continue to work in agriculture and
8  suffer harm unless defendants are enjoined from future law
9  violations; Compl. at ¶ 22.

10  III.  AWPA Claim - Damages

11      In addition to the facts above, plaintiffs allege the
12  following facts detailing their AWPA claim:  (1) defendants
13  intentionally violated the AWPA by not registering as farm
14  contractors; 29 U.S.C. § 1811; (2) defendants intentionally
15  violated the AWPA by failing to provide a written work disclosure;
16  29 U.S.C. § 1821(a); (3) defendants intentionally violated the AWPA
17  by failing to post the information required by the AWPA; 29 U.S.C.
18  § 1821(b); (4) defendants intentionally violated the AWPA by
19  failing to make, keep, and preserve worker records; (5) defendants
20  intentionally violated the AWPA by failing to provide plaintiffs
21  with an itemized wage statement; 29 U.S.C. § 1821(d)(2); and (6)
22  defendants intentionally violated the AWPA by failing to pay wages
23  when due; 29 U.S.C. § 1822(a).  Compl. at ¶¶ 23-29.

24      By virtue of the factual allegations now deemed admitted,
25  liability for each of these violations as to each plaintiff, is
26  established.  The AWPA provides for a private right of action and
27  damages:

28      If the court finds that the respondent has intentionally

7 - FINDINGS & RECOMMENDATION

> violated any provision of this chapter or any regulation
> under this chapter, it may award damages up to and
> including an amount equal to the amount of actual
> damages, or statutory damages of up to $500 per plaintiff
> per violation, or other equitable relief, except that (A)
> multiple infractions of a single provision of this
> chapter or of regulations under this chapter shall
> constitute only one violation for purposes of determining
> the amount of statutory damages due a plaintiff; . . . .

29 U.S.C. § 1854(c)(1). Additionally, "[i]n determining the amount of damages to be awarded under paragraph (1), the court is authorized to consider whether an attempt was made to resolve the issues in dispute before the resort to litigation." 29 U.S.C. § 1854(c)(2).

In the context of the AWPA, an "intentional" violation means a conscious or deliberate one, and there is no requirement of a specific intent to violate the law. Alvarez v. Longboy, 697 F.2d 1333, 1338 (9th Cir. 1983) (noting the meaning given "intentional" in other remedial statutes); Herrera v. Singh, 103 F. Supp. 2d 1244, 1248 (E.D. Wash. 2000) (intentional acts under § 1854 must be only conscious or deliberate and do not require a specific intent to violate the law). A plaintiff need not show actual injury to recover statutory damages under the AWPA. Martinez v. Shinn, 992 F.2d 997, 999 (9th Cir. 1993).

The Martinez court reiterated that "[t]he civil remedy was provided not only to compensate injuries, but also to promote enforcement of the Act and deter violations." Id. at 999 (internal quotation omitted); see also Torres-Lopez v. May, 111 F.3d 633, 639 (9th Cir. 1997) (noting that Congress passed the predecessor statute to the AWPA to "alleviate widespread suffering of farmworkers by regulating farm labor contractors"); Beliz v. W.H. McLeod & Sons Packing Co., 765 F.2d 1317, 1332 (5th Cir. 1985)

8 - FINDINGS & RECOMMENDATION

1  (purpose of civil remedy is not restricted to compensation of
2  individual plaintiffs but is designed also to promote enforcement
3  of the Act and thereby deter and correct the exploitative practices
4  that have historically plagued the migrant farm labor market).

5       The Beliz court also noted that in awarding statutory damages,
6  "it ought not to be cheaper to violate the Act and be sued than to
7  comply with the statutory requirements." Beliz, 765 F.2d at 1332.
8  Furthermore, as the Beliz court explained, "the legislative history
9  of the Act notes that farm workers who attempt to assert their
10 rights must overcome a general background of fear and intimidation
11 caused by the widespread practice of retaliation against those who
12 complain about violations." Id.   Thus, "[a]wards should be
13 adequate to encourage workers to assert their statutory rights."
14 Id. at 1332-33; see also Herrera, 103 F. Supp. 2d at 1248
15 ("[o]verall, an award of damages should be designed to effectuate
16 the dual purposes of the AWPA:  (1) to promote enforcement of the
17 Act and deter violations; and (2) to compensate injuries of farm
18 workers.").

19      The Ninth Circuit has established seven factors to consider in
20 determining an award of statutory damages:  (1) the amount of award
21 to each plaintiff; (2) the total award; (3) the nature and
22 persistence of the violations; (4) the extent of the defendant's
23 culpability; (5) damage awards in similar cases; (6) the
24 substantive or technical nature of the violations; and (7) the
25 circumstances of each case.   Martinez, 992 F.2d at 997.
26 Additionally, as noted above, the statute itself requires
27 consideration of any attempts made to resolve the dispute before
28 resorting to litigation.

9 - FINDINGS & RECOMMENDATION

1   As to this latter statutory requirement, the factual record in
2   the case shows that plaintiffs attempted to resolve the issues in
3   this dispute before resorting to litigation, without success.
4   First, plaintiffs repeatedly requested their wages from defendants.
5   Compl. at ¶ 16.   Then, they made two separate written demands to
6   defendants, through counsel.  Id. at ¶ 17.

7   Finally, the Ninth Circuit also notes that an aggregate award
8   should not be "disproportionately punitive." Martinez, 992 F.2d at
9   999.

10  A.  Amount of Award to Each Plaintiff

11  On the AWPA claim, each plaintiff seeks $500 per violation,
12  for a total of $3,000.

13  B.  Total Award

14  On the AWPA claim, the total award sought by the three
15  plaintiffs against defendants is $9,000.

16  C.  Nature and Persistence of Violations

17  I agree with plaintiffs that the facts establish that
18  defendants' violations were multiple and flagrant.   First, there
19  were six separate violations of the Act.   Second, two of the
20  violations, licensing as a labor contractor and timely payment of
21  all wages, go the heart of the Act's protections.   Third, unlike
22  cases in which the required disclosures, postings, wage records, or
23  wage statements were inadequate or sloppy, here, they were
24  completely nonexistent.  Defendants utterly failed to even attempt
25  compliance with the law.   Moreover, they have now refused to
26  respond to plaintiffs' claims.

27  D.  Extent of Defendants' Culpability

28  Plaintiffs argue that because defendants still refused to

10 - FINDINGS & RECOMMENDATION

comply with the law after receiving notice of these claims, these violations did not result from ignorance and misconceptions as to the law, but from an abusive disregard for plaintiffs' rights. Plaintiffs' argument is not an unreasonable conclusion to draw from defendants' failure to comply with the law after notice of defendants' actions.

E.  Damage Awards in Similar Cases

Plaintiffs state that on numerous occasions, full statutory damages have been awarded in cases with similar facts. Where employers failed to provide written disclosures and knowingly provided false or misleading information, courts have held that the full statutory penalty should be invoked. E.g., Herrera, 103 F. Supp. 2d at 1250 ($500 per violation appropriate when employer provided information only orally and the information so provided was misleading); Castillo v. Case Farms of Ohio, Inc., 96 F. Supp. 2d 578, 631, 633-34 (W.D. Tex. 1999) (describing the provision of written disclosures as a "basic" AWPA requirement and assessing $500 statutory maximum for failure to comply); Smith v. Bonds, No. 91-818-CIV-5-D, 1993 WL 556781, at *13 (E.D.N.C. Sept. 28, 1993) (awarding maximum statutory penalty of $500 for each violation of failure to provide written disclosures and knowingly providing false and misleading information because these recruitment provisions are significant, substantive violations, not merely technical violations because one of the primary purposes of the Act was to provide agricultural workers with information concerning potential employment so they could make an intelligent and informed judgment about whether to accept employment).

Plaintiffs also cite to cases where full statutory penalties

11 - FINDINGS & RECOMMENDATION

1   have been awarded where the defendant has failed to keep wage

2   records, provide wage statements, or pay wages when due. E.g.,

3   Herrera, 103 F. Supp. 2d at 1251-52 ($500 maximum awarded for

4   defendant's violation of requirement to make and preserve for three

5   years an accurate record of an employee's work and payment

6   information); Leach v. Johnston, 812 F. Supp. 1198, 1212 (M.D. Fla.

7   1992) (awarding statutory maximum for violation of requirement to

8   make wage records and provide wage statements).

9        F.   Substantive or Technical Nature of the Violations

10       The Ninth Circuit has held that recruiting workers without

11  disclosing the terms and conditions of employment, failing to keep

12  and provide the workers with records of the amount of hours worked

13  by each worker and the amount deducted from the workers' paychecks,

14  failing to pay the workers' wages when due, and paying them only

15  when the workers hired an attorney, are all substantive and not

16  technical violations. Martinez, 992 F.2d at 1000.

17       The Castillo court, quoting the Smith decision from North

18  Carolina, stated that

19       "[v]iolations of the disclosure and misleading
         information provisions are significant, substantive
20       violations, not merely technical violations because one
         of the primary purposes of the AWPA was to provide
21       agricultural workers with information concerning
         potential employment so they could make an intelligent
22       and informed judgment about whether to accept
         employment."
23
24  Castillo, 96 F. Supp. 2d at 632 (quoting Smith, 1993 WL 556781, at

     *13) (brackets omitted).
25

26       Also, failure to keep and provide the workers with records of

27  the amount of hours worked by each worker and the amounts deducted

28  from the workers' paychecks, were substantive violations because

12 - FINDINGS & RECOMMENDATION

such a violation "mak[es] it virtually impossible to determine whether the workers were paid the federal minimum wage." Martinez, 992 F.2d at 1000.

G.  Circumstances of Case

Plaintiffs argue that full statutory damages are warranted by the circumstances in this case.  They state that they are low-income workers who were cheated out of promised work and wages. Defendants did not comply with tax laws for the reporting of income and did not provide required tax information (W-2s) to plaintiffs to enable them to meet their obligations.  After receiving notice of these claims, defendants still refused to comply.

In his declaration, Santiago states that defendants swore at plaintiffs when they worked and when they asked for their pay. Santiago Declr. at ¶ 17. He "felt really bad that [he] was cheated and not paid for all of [his] work." Id. at ¶ 16.  After he lost his job, he was unable to buy food until he found other work.  Id. at ¶ 19.

Bautista Sanchez states that during their work, defendants treated the plaintiffs badly and swore at them if they asked any questions about the work or pay.  Bautista Sanchez Declr. at ¶ 16. He also felt "really bad" that he was cheated and not paid for all of his work.  Id. at ¶ 16.  He was unable to pay his bills until he found other work.  Id. at ¶ 17.  He had to get a loan from a friend to pay rent, the telephone bill, and for groceries.  Id. at ¶ 18.

Plaintiffs argue that in light of the harmful effects that defendants' violations and abuses have had on the plaintiffs, defendants should be held responsible for the maximum permissible damages.  I agree with plaintiffs.  Reviewing all seven factors,

13 - FINDINGS & RECOMMENDATION

defendants' failure to comply with the Act, in multiple ways, with intent, requires an assessment of the maximum penalty for each violation for each plaintiff.  Thus, I recommend that judgment be entered in each plaintiff's favor for $3,000 for the AWPA claim, for a total of $9,000 on this claim.

IV.  FLSA Claim - Damages

In the Complaint, plaintiffs allege that defendants failed to pay plaintiffs the federal minimum wage of $5.15 per hour in at least one work week in violation of 29 U.S.C. § 206(a).  Compl. at ¶ 30.  Given defendants' default, this allegation is now accepted as true.  Plaintiffs seek their unpaid federal minimum wages, plus an equal amount in liquidated damages pursuant to 29 U.S.C. § 216. Id. at ¶ 31.  They also seek costs and attorney's fees under 29 U.S.C. § 216(b).  Prayer at ¶ 8.

29 U.S.C. § 206(a)(1) requires employers to pay a minimum of $5.15 per hour worked to their employees.  Under section 216(b), "[a]ny employer who violates the provisions of section 206 . . . shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, . . . and in an additional equal amount as liquidated damages."

The factual record shows that Santiago is owed $56.65 in unpaid federal minimum wages for 11 hours of unpaid work.  Compl. at ¶ 11 (defendants failed to pay Santiago for one day of work performed during the last week of February 2006); Santiago Declr. at ¶¶ 4, 5 (work day was from 6:30 a.m. to 6:00 p.m., with a half-hour break for lunch; defendants did not pay him for last day of work in 2006).

The factual record shows that Andrade Becerra is owed $339.90

14 - FINDINGS & RECOMMENDATION

for unpaid federal minimum wages for 66 hours of unpaid work. Compl. at ¶ 12 (defendants failed to pay Andrade Becerra for six days of work performed during the first week of March 2006); Bautista Sanchez Declr. at ¶¶ (work day was from 6:30 a.m. to 6:00 p.m., with a half-hour break for lunch; defendants did not pay Andrade Becerra for all of his work in March 2006).

The factual record shows that Bautista Sanchez is owed $283.25 for unpaid federal minimum wages for 55 hours of unpaid work. Compl. at ¶ 13 (defendants failed to pay Bautista Sanchez for five days of work performed during the first week of March 2006); Bautista Sanchez Declr. at ¶¶ 4, 5 (work day was from 6:30 a.m. to 6:00 p.m., with a half-hour break for lunch; defendants did not pay him for last five days of work in March 2006).

Although plaintiffs initially sought both the underlying unpaid minimum wages, plus an equal amount in liquidated damages in this FLSA claim, in the motion for default judgment they have limited the relief they seek to just the liquidated damages and attorney's fees and costs. Thus, they waive the underlying minimum wage claim.

This makes sense. AWPA cases suggest that in considering an award for an AWPA claim, the court should consider, in addition to the other relevant factors, "plaintiffs' recovery on closely related claims joined in the same suit that will in part compensate the damages caused by violations of the Act." Beliz, 765 F.2d at 1333. There, the court noted that although the FLSA had a different purpose, an award of unpaid wages under the FLSA would compensate workers for at least some damage caused by a violation of the AWPA. Id.

15 - FINDINGS & RECOMMENDATION

1    Here, plaintiffs seek a statutory damage award under the AWPA

2    of $500 per plaintiff for each of six different violations, one of

3    which is the failure to pay wages when due.  By abandoning the

4    underlying minimum wage claims, plaintiffs avoid seeking an

5    unjustly high award as a result of liability on closely related

6    claims.

7    The evidence supports a judgment in plaintiffs' favor on the

8    liquidated damages portion of their FLSA claims.  Thus, I recommend

9    that Santiago be awarded $56.65 on this claim, that Andrade Becerra

10   be awarded $339.50 on this claim, and that Bautista Sanchez be

11   awarded $283.25 on this claim.  As discussed below, plaintiffs are

12   also entitled to attorney's fees and costs for prevailing on this

13   claim.  29 U.S.C. § 216(b).

14   V.  Oregon Statutory Claims - Damages

15       A.  Wage Claim

16   In the Complaint, plaintiffs brought two Oregon wage claims:

17   (1) a claim for minimum wages of $7.50 per hour under Oregon

18   Revised Statute § (O.R.S.) 653.025; and (2) a claim for failure to

19   pay plaintiffs wages due upon termination under O.R.S. 652.145.

20   Compl. at ¶¶ 32-35.  They also sought statutory penalties under

21   O.R.S. 652.150, for each of those claims.  Compl. at ¶¶ 33, 35.  In

22   the prayer, plaintiffs ask for attorney's fees and costs under

23   O.R.S. 652.200 and O.R.S. 652.055(4).

24   In the motion for default judgment, plaintiffs have abandoned

25   the claim for minimum wages under Oregon law and seek only the

26   statutory penalty under O.R.S. 652.150 for the failure to pay wages

27   upon termination of employment.

28   Under O.R.S. 652.145, "if an employee has worked for an

16 - FINDINGS & RECOMMENDATION

employer as a seasonal farmworker, whenever the employment terminates, all wages earned and unpaid become due and payable immediately." As alleged in the Complaint, defendants terminated plaintiffs' employment on March 6, 2006. Compl. at ¶ 10. Under O.R.S. 652.145, their final wages were due immediately on the date of termination. Those wages have not been paid, despite repeated demand. Compl. at ¶¶ 11-13; Santiago Declr. at ¶¶ 7, 8; Bautista Sanchez Declr. at ¶¶ 7, 8.

Under O.R.S. 652.150, if an employer willfully fails to pay wages when work ends,

> then as a penalty for such nonpayment the wages or compensation of such employee shall continue from the due date thereof at the same hourly rate for eight hours per day until paid or until action therefor is commenced. However, in no case shall such wages or compensation continue for more than 30 days from the due date.

O.R.S. 652.150.

As stated in the statute, to obtain the penalty, plaintiffs must prove that defendants acted willfully. The word "willful" as used in this and other similar statutes in Oregon, "does not necessarily imply anything blamable, or any malice, or wrong toward the other party, or perverseness or moral delinquency, but merely that the thing done was done or omitted intentionally. It amounts to no more than this: 'That the person knows what he is doing, intends to do what he is doing, and is a free agent.'" Sabin v. Willamette Western Corp., 276 Or. 1083, 1093, 557 P.2d 1344, 1349 (1976) (internal quotation omitted).

The work of all three plaintiffs terminated on March 6, 2006, and they still have not been paid their final wages. Under O.R.S. 652.150, each plaintiff is entitled to the full statutory penalty,

17 - FINDINGS & RECOMMENDATION

at the 2006 Oregon minimum wage of $7.50 per hour, times eight hours, times 30 days, which equals $1,800 per plaintiff.  I recommend that judgment be entered in each plaintiff's favor for $1,800, or for a total of $5,400 on this claim.

    B.  Contractor Act Claim

    Plaintiffs bring a claim under the OCRA, alleging the following violations under O.R.S. 658.440 which provides duties and rules for farm labor contractors:

    (1) failure to carry at all times a farm labor contractor's license issued by the Oregon Bureau of Labor and Industries; O.R.S. 658.440(1)(a);

    (2) failure to pay plaintiffs wages when due; O.R.S. 658.440(1)(c);

    (3) failure to comply with the "work agreement"; O.R.S. 658.440(1)(d);

    (4) failure to provide plaintiffs a written disclosure upon recruitment; O.R.S. 658.440(1)(f);

    (5) failure to execute a written agreement with plaintiffs at the time of hire; O.R.S. 658.440(1)(g); and

    (6) failure to provide plaintiffs an itemized written wage statement; O.R.S. 658.440(1)(h).

    In the Complaint, plaintiffs seek injunctive relief and statutory damages of $1,000 for each of these OCRA violations.  Compl. at ¶ 42.  They also seek attorney's fees.  Prayer at ¶ 8.

    The factual allegations in the Complaint, now accepted as true as a result of the default, establish that defendants violated the OCRA as plaintiffs allege.  The statute provides a private right of action and actual damages or $1,000, whichever is greater, for

18 - FINDINGS & RECOMMENDATION

1  certain violations. O.R.S. 658.453(4).[1]

2      Plaintiffs, however, cannot prevail on this claim on the

3  current record.  The private right of action provision requires the

4  aggrieved worker to first file a complaint with the Commissioner of

5  the Oregon Bureau of Labor and Industries (BOLI), before filing a

6  legal action for violations of the OCRA.  It states:

7          After filing a complaint with the commissioner, in
           addition to any other penalty provided by law, a worker
8          has a right of action against a farm labor contractor who
           violates subsection (1)(c), (d) or (e) of this section or
9          . . . without exhausting any alternative administrative
           remedies. . . . .
10
   O.R.S. 658.453(4).  By the plain language of the statute, while the
11
   worker does not have to exhaust the administrative process before
12
   coming to court, the worker must file a complaint with the BOLI
13
   Commissioner as a prerequisite to recovering damages in a judgment.
14
       The Oregon Administrative Rule interpreting this statute makes
15
   it plain:
16
           (1) Any worker who wishes to file a civil action pursuant
17         to ORS 658.453(4) must file a complaint with the
           commissioner.
18
           (2) The complaint shall be in writing, and shall contain
19         the name or names of the persons or entities against whom
           the complaint is being filed.  A copy of the proposed
20         complaint to be filed with the court should, if
           available, be attached to the complaint filed with the
21

22
           [1]  Notably, the statute provides a private right of action
23  for violations of subsections (1)(c), (1)(d), or (1)(e) of O.R.S.
    658.440.  I see no statutory provision for plaintiffs privately
24  enforcing the alleged violations of subsections (1)(a), (1)(g),
    or (1)(h) of O.R.S. 658.440.  Thus, while there may be violations
25  of subsections (1)(a), (1)(g), and (1)(h), I do not see how
    plaintiffs are entitled to damages for them in a private action.
26  The statute indicates that such violations are redressed by the
    Commissioner of the Bureau of Labor and Industries.  O.R.S.
27  653.458(1)(c) (allowing BOLI Commissioner to assess a $2,000
    civil penalty for violations of O.R.S. 658.440(1)).
28

19 - FINDINGS & RECOMMENDATION

commissioner.  The worker filing the complaint with the commissioner should also state whether the worker intends to pursue a private civil court action.

(3) The complaint shall be considered filed with the commissioner on the date that it is mailed to the following address: . . .

(4) The complaint that is filed with the commissioner should be filed prior to the filing in court of a civil complaint pursuant to ORS 658.453(4).  However, if the complaint filed with the commissioner is not filed prior to the filing of a complaint in court but is done so before the entry of a final judgment, it shall be considered to be filed timely for purposes of ORS 658.453(4).

Or. Admin. R. (OAR) 839-015-0600.

Based on subsection (4) of the OAR, Magistrate Judge Stewart denied a motion for summary judgment by the defendant in an action with OCRA claims because, although the plaintiffs had not filed a complaint with the BOLI Commissioner before filing the action in court, they had filed it at some point before the resolution of the summary judgment motion.  Gaspar v. Ochoa, No. CV-02-257-ST, 2002 WL 31972184, at *2 (D. Or. Oct. 10, 2002).  She noted that the filing requirement was not jurisdictional and given that the plaintiffs had filed the BOLI complaint, the defendants' argument provided no basis for summary judgment against the OCRA claims.

In the instant case, however, I find no allegation in the Complaint that plaintiffs filed a complaint with the BOLI Commissioner.  I have read the demand letters plaintiffs' counsel sent to defendants.  I have read plaintiffs' counsel's declaration in support of the motion for default judgment and I have read the declarations of the two plaintiffs submitted in support of the motion.  There is no evidence that the complaint with the BOLI

20 - FINDINGS & RECOMMENDATION

1   Commissioner has ever been filed.[2]  Thus, plaintiffs cannot prevail
2   on this claim.

3        If, upon review of this Findings & Recommendation, the
4   District Judge concludes that damages for the OCRA violations
5   should be awarded, I recommend that plaintiffs be awarded the
6   maximum award of $1,000 per violation, or $3,000 per plaintiff, for
7   a total of $9,000 (as explained above, plaintiffs have a private
8   right of action for violations of only certain subsections of
9   O.R.S. 658.440.   There are three alleged violations of those
10  subsections for each plaintiff, for a total of $3,000 per
11  plaintiff).

12       However, because the conduct forming the basis of the ORCA
13  violations overlaps with the conduct forming the basis of the AWPA
14  violations, I recommend adjusting the AWPA award downward to
15  account for the duplicative nature of the award.  I would adjust
16  the AWPA award because the plain language of the ORCA appears to
17  indicate that the $1,000 per violation is mandatory, unless actual
18  damages are found to be greater, while the AWPA award is
19  discretionary and the case law makes clear that an adjustment of an
20  AWPA award in consideration of overlapping claims is appropriate.
21  / / /

22

23       [2]  There is one ambiguous reference in plaintiffs' counsel's
    declaration filed in support of the Motion for Attorney's Fees,
24  not the Motion for Default Judgment, which suggests there might
    have been a complaint made.  On June 23, 2006, plaintiffs'
25  counsel spent .75 of an hour on "[r]eview client contact
    information; letters to clients, BOLI."  Wilk Declr. in Support
26  of Mtn for Fees at p. 3.  Without more, however, and without
    something included in the Complaint or the motion for default
27  judgment or in a declaration in support of the motion for default
    judgment, it is not sufficient.
28

21 - FINDINGS & RECOMMENDATION

VI.    "Unpaid Wages" Damages

        According to the factual allegations, now established as true, the three plaintiffs were not paid for certain days of work: Santiago for one day of work for$100, Andrade Becerra for six days of work for $600, and Bautista Sanchez for five days of work for $500.

        In the Complaint, the failure of defendants to pay plaintiffs when due supported an AWPA violation and an OCRA violation.  Compl. at ¶¶ 28, 37.  The failure to pay them at all for these particular days supported both the federal and state minimum wage claims. Compl. at ¶¶ 30, 32.  The failure to pay these owing wages at the time of termination supported the O.R.S. 652.145 claim, allowing for the statutory penalty under O.R.S. 652.150.

        But, in the Complaint, plaintiffs never seek the money they were actually promised for each day's work - $100 per day.  They make no such claim either in the body of the Complaint or in the prayer.  In the motion for default judgment, however, they seek these unpaid wages.

        The failure to articulate these "unpaid wage" damages in the prayer prevents an award of damages for them in a default judgment. "A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment" in the complaint.  Fed. R. Civ. P. 54(c); see also Fed. R. Civ. P. 55(d) (making the limitations of Rule 54(c) applicable to judgments by default).

        Some courts have allowed default judgments for more than the amount prayed for in the complaint when the defendant was present at the damages hearing or when the plaintiff has served notice of

22 - FINDINGS & RECOMMENDATION

1   the proposed amendment on defendant.  <u>Fong v. United States</u>, 300
2   F.2d 400, 412 (9th Cir. 1962) (court may allow amendment to prayer
3   for relief when defendant appears at default hearing); <u>Stafford v.</u>
4   <u>Jankowski</u>, 338 F. Supp. 2d 1225, 1228-29 (D. Kan. 2004) (default
5   judgment exceeding amount of prayer upheld where plaintiff served
6   defaulted defendant with copy of motion for default judgment, which
7   specified amount sought).

8        Here, however, there has been no amendment sought, and
9   plaintiffs have requested that their motion for default judgment be
10  granted without a hearing.  Moreover, even if I were to consider
11  allowing an amendment at the hearing or the service of the motion
12  for default judgment which specifies these amounts, I do not see a
13  claim supporting these damages.  The AWPA and the OCRA allow for
14  the statutory damages for failure to pay wages when due.  As I read
15  the statutes, this is not a basis for asking for the actual wages
16  themselves.  Even if plaintiffs sought actual damages under these
17  claims rather than the statutory penalty, a claim for actual
18  damages for these violations would be for the harm caused by the
19  failure to pay the wages <u>when</u> <u>due</u>.  There is no record to support
20  an assessment of such damages, nor a request to award them.  The
21  request is for the statutory damages.

22       The failure to pay the wages owing upon termination under
23  Oregon law is similar in that it is not a claim for the actual
24  wages, but is a penalty for failure to comply with the statute
25  requiring payment at termination.  The minimum wage provisions
26  allow the worker to recover the federal or state guaranteed minimum
27  wage.

28       What is lacking is a claim upon which the promised wage of

23 - FINDINGS & RECOMMENDATION

1   $100 per day, may be awarded.  Thus, even if it were contained in

2   the Complaint, or allowed to be asserted in another fashion, there

3   is no basis for such an award.  I recommend that this portion of

4   the motion for default judgment, be denied.

5   VI.  Injunctive Relief

6       In the Complaint, plaintiffs seek to enjoin defendants from

7   committing  future  violations  of  the  AWPA  under  29  U.S.C.  §

8   1854(c)(1).  Prayer at ¶ 2.  They also seek to enjoin defendants

9   from committing future violations of the ORCA under O.R.S. 658.475.

10  Id. at ¶ 7.  I recommend that plaintiffs' request for injunctive

11  relief under the AWPA, be granted.

12  VII.  Attorney's Fees & Costs

13      By prevailing on both the FLSA and Oregon wage statute claims,

14  plaintiffs are entitled to an award of attorney's fees and costs.

15  29 U.S.C. § 216(b); O.R.S. 652.200; O.R.S. 653.055(4).

16      Plaintiffs seek the $350 filing fee as costs.  I recommend

17  that this be awarded.

18      As for attorney's fees, plaintiffs' counsel spent a total of

19  twenty-six hours on the case and seeks $5,850, or $225 per hour.

20  Wilk Declr. in Support of Mtn for Atty Fees at ¶ 11.  While that is

21  slightly  more  than  the  average  hourly  rate  for  attorneys  with

22  twenty-one to thirty years of experience in the Upper Willamette

23  Valley in the 2002 Oregon State Bar Economic Survey, even adjusting

24  for inflation at the rate of 3% per year, it is not an unreasonable

25  request and I recommend that the full request be awarded.

26                              CONCLUSION

27      I recommend that plaintiffs' motion for default judgment (#10)

28  be granted in part and denied in part, and that plaintiffs' motion

1  for attorney's fees and costs (#15), be granted.

2                          SCHEDULING ORDER

3       The above Findings and Recommendation will be referred to a

4  United States District Judge for review.  Objections, if any, are

5  due July 30, 2007.  If no objections are filed, review of the

6  Findings and Recommendation will go under advisement on that date.

7       If objections are filed, a response to the objections is due

8  August 13, 2007, and the review of the Findings and Recommendation

9  will go under advisement on that date.

10              DATED this  13th   day of  July     , 2007.

11

12

13

14                               /s/ Dennis James Hubel
                                 Dennis James Hubel
15                               United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

25 - FINDINGS & RECOMMENDATION