IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


CLEMENTE SANTIAGO, MIGUEL,                          06-CV-1811-HU
ANDRADE BECERRA, and MARIO
BAUTISTA SANCHEZ,

        Plaintiffs,                              ORDER

v.

TAMARACK TREE COMPANY and
BILL WITHERS,

        Defendants.


**MARK J. WILK**
Oregon Law Center
230 W. Haynes Street
Woodburn, OR  97071
(503) 981-0336

**SPENCER NEAL**
Oregon Law Center
State Support Unit
921 S.W. Washington Street
Suite 516
Portland, OR 97205
(503) 473-8325

        Attorneys for Plaintiffs

1 - ORDER

**BROWN, Judge.**

Magistrate Judge Dennis James Hubel issued Findings and Recommendation (#21) on July 13, 2007, in which he recommended this Court grant in part and deny in part Plaintiffs' Motion for Default Judgment (#10) and grant Plaintiffs' Motion for Attorney's Fees and Costs (#15). Plaintiffs filed timely objections to the Findings and Recommendation to the extent that the Magistrate Judge recommended denying part of Plaintiffs' Motion for Default Judgment. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988); *McDonnell Douglas Corp. v. Commodore Business Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982).

Plaintiffs object only to the Recommendations that the Court (1) disallow recovery of damages for violations of the Oregon Contractor Registration Act (OCRA), Or. Rev. Stat. § 658.405, *et seq.*; (2) allow damages of only $3,000 per Plaintiff under OCRA; (3) reduce damages under the Migrant and Seasonal Agricultural Workers Protection Act (AWPA), 29 U.S.C. § 1801, *et seq.*, if the Court awards damages under OCRA; and (4) disallow recovery for

2 - ORDER

actual unpaid wages.

## I. Plaintiffs Are Entitled to Damages under OCRA.

In the Findings and Recommendation, the Magistrate Judge recommended the Court disallow damages under OCRA because the record did not indicate Plaintiffs had filed a complaint with the Oregon Bureau of Labor and Industries (BOLI) as required by Oregon Revised Statute § 658.453(4). To recover damages under OCRA, the Magistrate Judge noted Plaintiffs only have to establish they filed a complaint with BOLI "before entry of a final judgment" and do not have to exhaust their administrative remedies with BOLI. *See* Or. Admin. R. 839-015-0600(4). Plaintiffs, however, did not establish on the record before the Magistrate Judge that they had filed a complaint with BOLI. Accordingly, the Magistrate Judge recommended denying Plaintiffs' claim for damages under OCRA.

With their Objections, however, Plaintiffs provided the Supplemental Declaration of Mark J. Wilk in which Wilk testifies he filed a complaint with BOLI on June 23, 2006, concerning the matters that are the subject of this litigation. The Court, therefore, finds Plaintiffs now have established that they filed a complaint with BOLI before entry of final judgment in this matter.

Accordingly, the Court declines to adopt the Magistrate Judge's Recommendation to disallow damages to Plaintiffs under

3 - ORDER

OCRA and hereby grants Plaintiffs' request for damages under OCRA.

**II.  Amount of Damages under OCRA.**

Under OCRA, Plaintiffs seek damages of $1,000 per violation of each of six sections of Oregon Revised Statutes 658.440(1) for a total of $6,000 per plaintiff.  The Magistrate Judge, however, recommended that if the Court allowed damages under OCRA, the Court should award Plaintiffs a maximum of $1,000 per violation of each of three sections of § 658.440(1) for a total of $3,000 per Plaintiff on the ground that § 658.453(4) provides for citizen suits against farm-labor contractors "who violate[] subsection (1)(c), (d), or (e)" of § 658.440.  The Magistrate Judge noted there did not appear to be any provision that would allow Plaintiffs to enforce privately violations of subsections (1)(a), (1)(g), or (1)(h) of § 658.440.  Accordingly, the Magistrate Judge recommended the Court deny Plaintiffs' request for damages for violations of subsections (1)(a), (1)(g), or (1)(h) of § 658.440.

The citizen-suit provision of § 658.453(4) provides citizens with a private "right of action [for damages] against a farm labor contractor who violates [§ 658.453] (1)(c), (d), or (e)" in addition to the right to file a complaint with the Oregon Bureau of Labor and Industries.  In turn, § 658.453(1)(c) provides farm-labor contractors violate that section when they "fail[] to

4 - ORDER

comply with ORS 658.440(1)." The Court concludes, therefore, § 658.453(4), through reference to § 658.453(1)(c), allows for citizen suits for damages against farm-labor contractors who violate any or all sections of § 658.440(1) including (1)(a), (1)(g), and (1)(h).

Accordingly, the Court declines to adopt the Magistrate Judge's Recommendation to award damages under OCRA for only three violations of § 658.440(1). The Court, therefore, awards damages to the Plaintiffs for violations of six sections of § 658.440(1), which would amount to damages of $6,000 per plaintiff or total damages of $18,000 for violations of OCRA.

**III. Reduction of Damages under AWPA**.

The Magistrate Judge recommended Plaintiffs each be awarded the maximum award of $500 per violation for a total award of $3,000 per Plaintiff or $9,000 for all Plaintiffs. The Magistrate Judge further recommended, however, that the Court reduce damages under AWPA if the Court awards damages under OCRA "to account for the duplicative nature of the award." Plaintiffs object to this Recommendation.

AWPA provides in pertinent part:

> If the court finds that the respondent has intentionally violated any provision of [the AWPA] or any regulation under this chapter, it may award damages up to and including an amount equal to the amount of actual damages, or statutory damages of up to $500 per plaintiff per violation.

29 U.S.C. § 1854(c)(1). AWPA further provides when "determining

5 - ORDER

the amount of damages to be awarded under paragraph (1), the court is authorized to consider whether an attempt was made to resolve the issues in dispute before the resort to litigation." 29 U.S.C. § 1854(c)(2).

In their Objections Plaintiffs contend the Court may only consider § 1854(c)(2) when determining an award of damages under AWPA, and, therefore, the Court should award full damages under both AWPA and OCRA. To support their contention, Plaintiffs rely on *Herrera v. Singh*, 103 F. Supp. 2d 1244 (E.D. Wash. 2000), and *Martinez v. Shinn*, 992 F.2d 997 (9th Cir. 1997).

In *Herrera*, the plaintiffs brought an action for wrongful termination and violations of AWPA. 103 F. Supp. 2d at 1248. The court awarded the plaintiffs damages for violations of AWPA as well as damages for their wrongful-termination claim, which included emotional distress damages and lost wages. *Id*. at 1258. Although the court awarded the plaintiffs damages for lost wages as part of their wrongful-discharge claim, the statutory damages awarded by the court under AWPA were not generally duplicative of the lost wages awarded for plaintiffs' wrongful discharge claim. For example, the court assessed damages under AWPA for violations such as failure to disclose in writing certain terms of employment, provision of knowingly false or misleading information regarding terms and conditions of employment, and failing to comply with substantive federal and state safety and

health standards applicable to worker housing owned or controlled by the employer. *Id*. at 1247. Here, however, the damages Plaintiffs seek under AWPA arise from violations that are almost entirely duplicative of the violations alleged under OCRA.

In *Martinez*, the Ninth Circuit affirmed the district court's decision to award the plaintiffs statutory damages under AWPA as well as backpay with interest for violations of state law. 992 F.2d at 1001. The Ninth Circuit, however, made clear it was not deciding "whether a court may award statutory damages when actual damages are awarded under state law for the same harm." The Ninth Circuit did not address that question because

> the amounts [the district court] awarded do not compensate for the same harm. While the statutory damage award [under AWPA] was intended to "compensate the plaintiffs for not receiving timely payment" and to "deter the defendants from withholding timely payment in the future," the backpay award compensated plaintiffs for the [defendants'] failure to pay the wages they were obligated to pay under the contract.

*Id*. Here, however, the damages Plaintiffs seek for violations of AWPA compensate for the same harm as the damages for violations of OCRA. The Court, therefore, adopts the Magistrate Judge's Recommendation to reduce the amount of damages recovered under AWPA.

Because the purpose of statutory damages under AWPA is "not only to compensate injuries, but also to promote enforcement of the Act and deter violations," the Court concludes a partial

reduction of Plaintiff's damages is sufficient to balance the competing interests of avoiding duplicative awards while promoting the enforcement of and deterring violations of AWPA.

Accordingly, the Court reduces Plaintiffs' damages under AWPA by $2,000 per Plaintiff for a total damages award of $1,000 per Plaintiff or total damages of $3,000 under AWPA.

**IV. Actual Unpaid Wages.**

In their Complaint, Plaintiffs alleged Defendants did not pay them for certain days of work: Santiago, one day of work for $100; Becerra, six days of work for $600,; and Sanchez, five days of work for $500. Defendants' failure to pay these wages supports Plaintiffs' claims under OCRA, AWPA, FLSA, and Oregon's wage statutes. In their Motion for Default Judgment, Plaintiffs requested these unpaid wages. The Magistrate Judge recommended the Court deny Plaintiffs' request because Plaintiffs did not seek these wages in their prayer for relief in their Complaint. In addition, even if Plaintiffs had requested the unpaid wages, OCRA, AWPA, FLSA, and Oregon's wage statutes merely provide penalties for failure to pay wages rather than the means for recovering unpaid wages. Nevertheless, Plaintiffs object to the Magistrate Judge's Recommendation to deny this portion of their Motion for Default Judgment.

The Court has reviewed the legal principles *de novo* and the evidentiary record with respect to the request for unpaid wages

and does not find any error. Accordingly, the Court adopts the Magistrate Judge's Recommendation with respect to Plaintiffs' request for unpaid wages.

**V. Those Portions of the Findings and Recommendation to which Plaintiffs Did Not Object.**

As to those portions of the Findings and Recommendation to which Plaintiffs did not object, including the Magistrate Judge's Recommendations regarding attorneys' fees and costs, this Court is relieved of its obligation to review the record *de novo*. *Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). *See also Lorin Corp. v. Goto & Co.*, 700 F.2d 1202, 1206 (8th Cir. 1983). Having reviewed the legal principles *de novo*, the Court does not find any error in the portions of the Findings and Recommendation to which Plaintiffs did not object.

## CONCLUSION

For these reasons, the Court **ADOPTS as modified** Magistrate Judge Hubel's Findings and Recommendation (#21). Accordingly, the Court **GRANTS in part** and **DENIES in part** Plaintiffs' Motion for Default Judgment (#10) and **GRANTS** Plaintiffs' Motion for Attorney's Fees and Costs.

The Court directs the Plaintiffs to submit a form of

judgment no later than November 5, 2007.

IT IS SO ORDERED.

DATED this 24th day of October, 2007.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge